758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROSE M. LOVE, ON BEHALF OF HERSELF AND OTHERS SIMILARLY
SITUATED FRANCINE SMITH, ON BEHALF OF HERSELF AND
OTHERS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS,
v.
GEORGE F. DENTON; FREDERICK P. SILBERT; JOHN MCTAGGART;
HELEN AHLBORN; JOE ROE; MARY ROE; ARTHUR TATE; ROY
NICHOLS; WILLIAM THOROMAN; DOROTHY ARN;
WANDA LONSHORE AND H. KANDEL;
DEFENDANTS-APPELLEES.
 NO. 83-3910
 United States Court of Appeals, Sixth Circuit.
 2/28/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 Before: LIVELY, Chief Circuit Judge; MARTIN, Circuit Judge; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Prisoners at the Ohio Reformatory for Women appeal the district court's dismissal of their complaint which challenged the prison officials' censorship of the magazine No More Cages.
 
 
 2
 Prison officials' restrictions on inmates' free speech rights must further an important or substantial governmental interest unrelated to the suppression of speech and must not be greater than necessary for protection of the government's interest. Procunier v. Martinez, 416 U.S. 396, 413 (1974). Although Martinez was grounded in the rights of persons who wished to communicate with prisoners, we have held that its strictures are applicable as well when the prisoners' rights are at stake. Meadows v. Hopkins, 713 F.2d 206, 210 & n.7. (6th Cir. 1983).
 
 
 3
 Ohio Administrative Code Sec. 5120-9-19(D)(2)(b) provides that prison officials may censor printed material that 'incites, aids, or abets physical violence against others.' The regulation clearly furthers the important governmental interest of preserving prison security. Moreover, the evidence presented to the district court supported the district court's decision that the particular censorship here furthered the interest in preserving security. The magazine article concerning the incident at Marysville identified a guard by name and accused him of brutality. The article then stated that many women prisoners are 'saying No' to oppression at the hands of male guards.
 
 
 4
 Some do it through legal action, but some cannot contain this rage and it comes out in direct confrontation. Although this is the most immediate way to react, it isn't the coolest, because the woman usually becomes the victim of additional brutality, and is punished, on top of it, for fighting back.
 
 
 5
 Additionally, the state offered expert testimony that this article and two subsequent articles posed a threat to security in the prison. Given this evidence and Judge Kinneary's thorough analysis, we cannot say that the state failed to meet its burden of meeting the first Martinez standard. Nor can we say that the state failed to satisfy the second standard. The state did not ban all issues of the magazine; it censored only those issues containing the offending articles.
 
 
 6
 We also reject the prisoners' due process argument. Judge Kinneary found as a fact that the decision of the institution's Publication Review Committee is final and not subject to veto by the prison superintendent. He also found that review by the Committee takes only two to four weeks. Given those findings, neither of whith the prisoners challenge, we cannot accept the prisoners' claim that they are denied due process by alleged undue delays in the review process. The district court adequately and accurately addressed the other alleged violations of due process.
 
 
 7
 One aspect of this case initially troubled this Court. Ohio Administrative Code Sec. 5120-9-19(D)(2)(b) provides that prison officials may censor printed material if they find that it 'incites, aids, or abets physical violence against others.' As noted, the district court found as a fact that the decision of the Publication Review Committee is the final decision of the prison administration for purposes of judicial review. In order to censor the magazines, the Committee was required to make the finding required by section 5120-9-19(D)(2)(b), but the Committee censored the articles based on the following finding:
 
 
 8
 The publication is inflammatory because of the use of staff names and the information contained is inaccurate, which destroys the mutual respect between staff and inmates.
 
 
 9
 We recently held that prison officials violate due process if they defeat a prisoner's federally protected interest without making the finding required by the state's substantive law. Spruytte v. Walters, No. 82-1676 (6th Cir. Jan. 28, 1985). Our concens about the application of Spruytte to this case were put to rest, however, when counsel for the prisoners conceded at oral argument that the prison officials made the finding required by section 5120-9-19(D)(2)(b).
 
 
 10
 The judgment of the district court is affirmed.